POE & BROTHER *v.* ELLIS, for use, etc.

*Simmons, C. J.*—1. Where a partnership composed of two persons had pledged to a creditor as security for a debt certain goods to be manufactured by the partnership, and had covenanted to ship the same to such creditor, to be sold and the proceeds applied in satisfaction of the debt, and one of the partners, after the manufacture of the goods, delivered the same to a third person who had full knowledge of all the facts, such delivery being the result of a collusive and fraudulent scheme between this partner and a third person, the purpose of which was to defraud the creditor and the other partner, the latter could maintain for the creditor's use an action against the third person for the goods thus converted or their value.

2. In the present case the declaration was not demurrable for want of a cause of action, or for want of proper parties, or for failure to set forth certain exhibits.        *Judgment affirmed.*

July 13, 1896.  By two Justices.

Petition. Before Judge Smith. Montgomery superior court. October term, 1895.

To the petition of J. D. Ellis suing for the use of Greig & Jones, the defendants, J. W. Poe & Brother, filed a demurrer for want of a cause of action, for want of proper parties, and for want of sufficient and proper exhibits attached to the petition. The demurrer was overruled. The petition alleges, that defendants are indebted to plaintiff for the use of Greig & Jones $468.09. On November 24, 1894, plaintiff and J. C. Ludlam were partners in the business of manufacturing naval stores, as Ellis & Ludlam. They were largely indebted to Greig, Jones & Wood for money advanced to carry on said business, and Greig, Jones & Wood held mortgages on all the property of Ellis & Ludlam to secure such indebtedness and the performance of the covenants in the mortgage, dated December 14, 1892, one of which covenants was that Ellis & Ludlam should ship to Greig, Jones & Wood all the spirits of turpentine and rosin made by them, to be sold by Greig, Jones & Wood and the proceeds to be applied to the payment of the indebtednesss of Ellis & Ludlam to them, and that they would not ship or consign such goods to any other person. Defendants at the same time were manufacturers of naval stores near the same place, and well knew of the facts before stated. About November 20, without the knowledge or consent of plaintiff or of Greig, Jones & Wood, Ludlam fraudulently and secretly delivered to defendants 20 casks of spirits of turpentine of the value of $226.36, and 49 barrels of rosin of the value of $241.79, all being the property of Ellis & Ludlam and manufactured by them on and with the property covered by said mortgages. Defendants, combining and confederating with Ludlam to defraud plaintiff and Greig, Jones & Wood, and to deprive them of the turpentine and rosin or the proceeds thereof, converted the same to the use of themselves, and failed and still fail and refuse to turn over the same or the proceeds to plaintiff or Greig, Jones & Wood. Said action aided and abetted by defend-

ants was a breach of the covenants in the mortgage, which under its terms became and was immediately due, and the mortgagees started proceedings to foreclose the mortgages on all the property of Ellis & Ludlam, and the same were foreclosed on February 22, 1895, under the power of sale contained therein, and all the property of Ellis & Ludlam was sold at public outcry for $6,000, that being the highest and best bid. At the time of the sale Ellis & Ludlam were indebted to the mortgagees $7,500 and are liable for the difference of $1,500 between the amount due and the product of the sale. On February 1, 1895, the firm of Greig, Jones & Wood was dissolved, Wood selling his interest to Jones and Greig who formed a new partnership as Greig & Jones and now own the debt against Ellis & Ludlam. The firm of Ellis & Ludlam is dissolved and the manufacturing business is no longer carried on by them, and neither has any individual right or claim on the property or fund, the subject of this suit, except for the use of Greig & Jones. The plaintiff prays judgment for the use of Greig & Jones against defendants for $468.09.

*J. H. Martin,* for plaintiffs in error.   *W. D. Harden,* *U. H. McLaws* and *Williams, Smith & Williams,* contra.